**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Rodney J. M., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 3:23-cv-50236 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Martin O'Malley, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| *Defendant*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rodney J. M. brings this action under 42 U.S.C. § 405(g) seeking a remand of the decision denying his applications for disability insurance benefits and supplemental security income.[1] For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

**I. Background**

In March 2019 and November 2019, Plaintiff filed applications for disability insurance benefits and supplemental security income, respectively. R. 545, 547. Plaintiff alleged a disability beginning on September 17, 2018, because of bipolar I disorder, generalized anxiety, thoracic spine pain, supraventricular tachycardia, carpel tunnel, cardiac arrythmia, type 2 diabetes mellitus, degenerative arthritis, bilateral knee degeneration, and hypertension. R. 604. Plaintiff was 50 years old on his alleged onset date. Plaintiff's date last insured was September 30, 2022. R. 24.

Following a hearing, an administrative law judge issued a decision in December 2020, finding that Plaintiff was not disabled. R. 291–307. The Appeals Council vacated that decision and

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 6.

remanded for further proceedings. R. 313. Following another hearing on remand, the same administrative law judge issued another decision in October 2021 finding that Plaintiff was not disabled. R. 321–41. The Appeals Council again vacated that decision and remanded for further proceedings. R. 347.

A new administrative law judge ("the ALJ") held another hearing on remand and issued a decision on November 14, 2022. R. 23–47. The ALJ found that Plaintiff was not disabled prior to September 12, 2022, but Plaintiff became disabled on that date and his disability was expected to last at least 12 continuous months. The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, osteoarthritis, arrhythmia, hypertension, diabetes mellitus, obesity, anxiety, and depression. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. The ALJ concluded that since September 17, 2018, Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant should never climb ladders, ropes, or scaffolds, and no more than occasionally climb ramps/stairs, stoop, crouch, kneel, and crawl. He should use the right hand no more than frequently for fingering. The claimant should be allowed to alternate positions between sitting, standing, and walking for one to two minutes every one-half hour (but remain on task). He should not operate motor vehicles for work-related purposes and avoid all exposure to work hazards, such as unprotected heights and dangerous moving machinery. From a mental functional perspective, the claimant could understand, remember, carry out and sustain no more than routine tasks and no complex tasks with no contact with the public for work-related purposes and no more than occasional contact with co-workers and supervisors for work purposes. The claimant should not engage in work where a machine sets the pace of work.

R. 31. The ALJ determined that Plaintiff was unable to perform any past relevant work, but that prior to September 12, 2022 there were other jobs that existed in significant numbers in the national economy that he could perform, namely light, unskilled jobs. The ALJ also determined that on September 12, 2022, Plaintiff's age category changed to an individual of advanced age.

Accordingly, the ALJ concluded that Plaintiff became disabled on September 12, 2022, and continued to be disabled through the date of the decision.

After the Appeals Council denied Plaintiff's request for review on April 24, 2023, R. 1, Plaintiff filed this instant action. Dkt. 1.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* When reviewing the ALJ's decision, the court's inquiry is limited to determining whether the ALJ's decision is supported by substantial evidence or resulted from an error of law. *Mandrell v. Kijakazi*, 25 F.4th 514, 515 (7th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "The threshold for substantial evidence 'is not high.'" *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Biestek*, 587 U.S. at 103). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (internal quotation marks and citation omitted). To determine whether substantial evidence exists, the court reviews the record as a whole but "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052–53; *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Thus, if there is substantial evidence supporting the ALJ's disability determination, the court "must affirm the decision even if reasonable minds could differ concerning whether [the

3

claimant] is disabled." *L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019) (internal quotation marks and citation omitted).

### III. Discussion

Plaintiff argues that a remand is warranted because the ALJ: (1) failed to obtain medical expert input to address his diagnosis of neuropathy and new vision deficits; (2) erred in analyzing his subjective symptoms; and (3) crafted an RFC which did not properly account for his deficits in concentration, persistence, and maintaining pace. As it relates to the ALJ's RFC determination, Plaintiff contends that the ALJ did not sufficiently explain why she rejected the state agency physicians' opinions that Plaintiff should be limited to one- to two-step tasks, and instead concluded that Plaintiff could sustain no more than routine tasks and no complex tasks. As explained below, the Court agrees that the ALJ's explanation for rejecting the state agency physicians' task restriction requires a remand.

A claimant's RFC is the maximum work he can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); Social Security Ruling 96-8p, 1996 WL 374184, at *2. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history, medical findings and opinions, reports of daily activities, and the effects of the claimant's symptoms and treatment. 20 C.F.R. § 404.1545(a)(3); Social Security Ruling 96-8p, 1996 WL 374184, at *5. "Essentially, an ALJ's RFC analysis 'must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations.'" *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (quoting *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)).

In August 2019, state agency psychologist Gayle Williamson, PsyD., reviewed Plaintiff's records and evaluated his mental functional limitations. As relevant to this appeal, Dr. Williamson

opined that Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace. R. 226, 231. The narrative portion of Dr. Williamson's opinion stated:

> The clmt retains the mental capacity to understand and remember complicated instructions, but due to anxiety, depressive symptoms clmt could only sustain pace, persistence and concentration for 1-2 step tasks. Clmt could make work related decisions and could interact and communicate sufficiently in work environment with reduced social contact. Clmt could adapt to routine changes and to typical work pressures.

R. 232. On reconsideration in December 2019, state agency psychologist David Voss, PhD, affirmed Dr. Williamson's findings. R. 252, 259.

The ALJ did not address Dr. Williamson's opinion, but she did evaluate Dr. Voss' opinion adopting the same findings. The ALJ acknowledged that Dr. Voss found Plaintiff moderately limited in concentrating, persisting, or maintaining pace. Although the ALJ similarly found Plaintiff moderately limited in concentrating, persisting, or maintaining pace and adopted most Dr. Voss' functional limitations, the ALJ did not adopt his limitation to one- to two-step tasks, finding this portion of his opinion only "somewhat persuasive." R. 43. In discounting this portion of Dr. Voss' opinion, the ALJ provided the following explanation:

> While Dr. Voss limited the claimant to 1-2 step tasks, the undersigned notes that Dr. Voss did not define what constitutes a "step". Moreover, the claimant is able to perform activities that require greater than 1-2 steps such as driving, for example, which involves grabbing the keys, unlocking the car door, opening the car door, sitting down, putting the key in the ignition/or pressing on the brakes and start button to start the car, adjusting the seat/mirrors, putting on a seat belt, placing hands on the steering wheel, shifting gears, pressing the gas pedal, and operating the vehicle.

R. 43.

By rejecting Dr. Voss' opinion that Plaintiff was limited to one- to two-step tasks, the ALJ was required to sufficiently explain why the opinion was not adopted. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical

source, the adjudicator must explain why the opinion was not adopted."). Although the ALJ here provided *an explanation* for rejecting the one- to two-step task limitation, the ALJ's explanation is not supported by substantial evidence. *See Jarnutowski*, 48 F.4th at 774 ("[A]n ALJ's RFC analysis must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations.") (internal quotation marks and citation omitted); *Rita R. v. Kijakazi*, No. 21 C 5631, 2023 WL 2403139, at *3 (N.D. Ill. Mar. 8, 2023) ("[A]n ALJ is required to provide a thorough and appropriate explanation for rejecting a state agency psychologist's opinion that a claimant is limited to one-to-two step tasks.") (internal quotation marks and citation omitted).

The ALJ's first reason for rejecting the one- to-two step task limitation is that "Dr. Voss did not define what constitutes a 'step.'" R. 43. The Commissioner argues that because neither the Dictionary of Occupational Titles ("DOT") nor Social Security Administration policies provide a formal definition for a "step," and because the state agency psychologists provided no definition of their own, the ALJ properly rejected their one- to two-step task restriction. This Court disagrees.

A one- to two-step task restriction functions as "a term of art" in the Social Security context. *Leon A. v. Kijakazi*, No. 20-CV-939, 2022 WL 3226822, at *5 (N.D. Ill. Aug. 10, 2022). The DOT defines a reasoning level of 1 as the ability to "carry out simple one- or two-step instructions." DOT, Appendix C § III, 1991 WL 688702 (4th ed. 1991). Accordingly, courts in this district have repeatedly found that a one- to two-step restriction would necessarily limit a claimant to reasoning level 1 jobs. *See Kevin W. v. Kijakazi*, No. 20-CV-6557, 2023 WL 35178, at *4 (N.D. Ill. Jan. 4, 2023) (collecting cases). This is precisely the limitation the state agency psychologists opined to in this case based on Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace. Therefore, the ALJ's rejection of this limitation as vague without further explanation is not sufficient to support her conclusion. If the ALJ believed the state agency

6

psychologists' opined task limitation was vague, the ALJ should have asked the psychologists, or the vocational expert at the hearing, for clarification instead of rejecting it outright.

The ALJ's second reason for rejecting the one- to two-step task limitation is that Plaintiff "is able to perform activities that require greater than 1-2 steps such as driving." R. 43. The ALJ supports her conclusion by pointing to Plaintiff's subjective reports that he can drive. R. 29 (citing R. 656, R. 1941, "hearing testimony"). However, the records to which the ALJ cites, which Dr. Voss had at the time he rendered his opinion, do not necessarily undermine a one- to two-step task limitation. *See* R. 656, R. 1941. The first record is Plaintiff's functional report from November 2019 stating that he only leaves his apartment to go to appointments and when he does, he drives his car. R. 656. The second record is an October 2019 treatment note stating that Plaintiff reported driving his daughter to work and back every day. R. 1941. Although these records give no indication of the amount of time Plaintiff spent driving, during the August 2020 hearing, Plaintiff testified that he drove his daughter 20 minutes to work three to five times per week, but often could not drive her when his mental health symptoms prevented him from doing so. R. 72, 75. During the most recent hearing in August 2022, Plaintiff testified that he only drives four or five times per month to get to his doctor appointments. R. 103.

As the Commissioner suggests, the ALJ is generally permitted to discount a medical opinion if it is inconsistent with other evidence in the record. But here, the ALJ did not build the necessary logical bridge between the evidence and her decision to discount the task limitation. The Court cannot trace the ALJ's logic as to how driving five times per month or twenty minutes three to five times per week, translates into Plaintiff's ability to concentrate and persist on a sustained basis, including, for example, during an eight-hour workday. *See Michael S. v. Saul*, No. 19-CV-4033, 2020 WL 4052903, at *5 (N.D. Ill. July 20, 2020) (remanding where the ALJ "did not

7

explain how Plaintiff's ability to complete the tasks he relied on to conclude that Plaintiff did not meet the Paragraph B criteria (*e.g.*, driving a car . . .and caring for his special needs daughter) grafts onto Reasoning Level 1 jobs"). Courts in this district have criticized ALJs for merely citing a claimant's ability to drive or perform a similar task that has more than two steps as the basis for rejecting a one- to two-step task limitation. *See Joseph O. v. O'Malley*, No. 22-CV-2256, 2024 WL 756824, at *4 (N.D. Ill. Feb. 23, 2024) (collecting cases); *but see Christopher R. v. Kijakazi*, No. 21 CV 500, 2023 WL 5017942, at *5 (N.D. Ill. Aug. 7, 2023).[2] The ALJ's reliance on Plaintiff's driving in this case is particularly problematic because the ALJ specifically credited Plaintiff's reports of "exacerbated mental health symptoms during periods of increased stress," R. 42, which Drs. Williamson and Voss similarly relied on in limiting Plaintiff to one- to two-step tasks. *See* R. 232 ("due to anxiety, depressive symptoms clmt could only sustain pace, persistence and concentration for 1-2 step tasks").

The Court is also unpersuaded by the Commissioner's argument that Plaintiff "points to no evidence in the record corroborating the idea that he lacked the ability to sustain one- or two-step tasks on a sustained basis." Def.'s Resp. at 19, Dkt. 25. Although the Commissioner is correct that a moderate limitation in concentrating, persisting, or maintaining pace does not necessarily translate into an RFC limitation of one- to two-step tasks, the Commissioner overlooks the fact that both Drs. Williamson and Voss found that because Plaintiff was moderately limited in

---

[2] Plaintiff relies on *Monique B. v. Saul*, No. 19 C 652, 2020 WL 4208112, at *6 (N.D. Ill. July 22, 2020), to argue that the ALJ improperly rejected the one- to two-step task limitation based on his driving. However, *Monique B.* addressed the ALJ's evaluation of the plaintiff's driving in the context of discrediting her complaints of disabling pain. Nevertheless, the court similarly points out that the ALJ "made quite a leap" in determining that the plaintiff's driving a car three to four times a month "required the same attention, concentration, and stamina as is required in a full-time competitive job." *Id.* ("By the ALJ's logic, anybody who has driven a car has 'adequate' attention, concentration, judgment, and more, just by virtue of having driven a car. Significantly, the ALJ does not cite to any medical professional for this proposition, and the Court was unable to find any medical opinion in the record supporting the ALJ's conclusion. As a result, the ALJ's supposition about Monique's driving appears to be an unsupported lay opinion.").

concentrating, persisting, or maintaining pace, a finding the ALJ adopted, Plaintiff "could only sustain pace, persistence and concentration for 1-2 step tasks." R. 232. Although the Commissioner maintains that the ALJ was not required to adopt these opinions because the task limitation was "inconsistent with other record evidence," Def.'s Resp. at 23, Dkt. 25, as stated above, without further explanation from the ALJ or support from a medical source, it is unclear how the ALJ determined that Plaintiff's moderate limitations in concentration and persistence translated into an ability to perform routine, noncomplex work.

The Commissioner also argues that, because an ALJ may consider a claimant's daily activities in assessing ability to function in a work setting, the ALJ properly relied on Plaintiff's other daily activities in finding that he was not restricted to performing one- to two-step tasks over the course of a workday. Specifically, the Commissioner argues that the ALJ's paragraph B analysis in step 3 regarding concentrating, persisting, or maintaining pace sufficiently explains her reasons for discounting the one- to two-step limitation. But much like the explanation about driving, the ALJ's step 3 analysis does not adequately explain how Plaintiff's activities of daily living support the decision to reject Drs. Williamson and Voss' one- to two-step task restriction. For example, the ALJ states that "the claimant is entrusted with babysitting his young grandchildren on occasion, which involves the ability to concentrate, persist, or maintain pace sufficient to make sure he follows their feeding schedule, ensures their safety, health, and security, and tends to their diapering/toileting needs." R. 30. But Plaintiff testified that he "sometimes" watches his grandchildren, that he changes diapers "from time to time" and, that although he will prepare a bottle for his youngest grandchild when he babysits, that "she's able to pretty much hold the bottle herself." R. 97, 105. Here too, the Court cannot trace the ALJ's logic about how tasks

9

that Plaintiff "sometimes" engages in translates into Plaintiff's ability to concentrate and persist with work activities on a sustained basis.

Furthermore, this Court cannot say that the ALJ's decision to omit the one- to two-step limitation was harmless because each of the jobs cited by the ALJ had a reasoning level of 2 or higher. R. 44; *see, e.g.*, *Kevin W.*, 2023 WL 35178, at \*5 (N.D. Ill. Jan 4, 2023) (remanding where the ALJ's unsupported decision to omit the consultants' one- to two-step limitation was not harmless because each of the jobs cited by the ALJ has a reasoning level of 2 or higher). Moreover, the ALJ did not ask the vocational expert whether these jobs would be available to someone with a one- to two-step task restriction. *See Wetzel v. Comm'r of Soc. Sec.*, No. 4:13CV04070SLDJEH, 2015 WL 470202, at \*8 (C.D. Ill. Feb. 3, 2015), report and recommendation adopted sub nom. *Wetzel v. Colvin*, No. 413CV04070SLDJEH, 2015 WL 1543720 (C.D. Ill. Mar. 30, 2015) (finding the ALJ's failure to include a one- to two-step task limitation was not harmless where the jobs identified had a reasoning level of 2 and the ALJ did not include a task requirement in his questions to the vocational expert).

Accordingly, a remand is warranted for proper consideration of the impact Plaintiff's moderate limitations in concentration, persistence, or maintaining pace have on his RFC. In remanding this case, the Court is not suggesting that the evidence requires a more restrictive RFC. Rather, on remand, the ALJ must explicitly analyze Drs. Williamson and Voss' recommended one- to two-step task limitation and either adopt the limitation, or adequately explain how the evidence supports her decision to discount the limitation. In light of this Court's remand for a new RFC determination, any remaining issues not addressed herein shall be considered on remand along with the above issues. Plaintiff's counsel should raise all such issues with the ALJ on remand, both

in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to the Court.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for reversal and remand of the ALJ's decision is granted, and the Commissioner's motion for summary judgment is denied. The Commissioner's decision is reversed, and the case is remanded for further proceedings consistent with this opinion.

Date: August 21, 2024        By:       *Lisa A. Q*

                                        Lisa A. Jensen
                                        United States Magistrate Judge